SO ORDERED.

SIGNED this 9th day of December, 2020.



_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for online use, but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

Rodney Ray Bradshaw,

        Debtor.

Case No. 20-40948
Chapter 12

Memorandum Opinion and Judgment on
Debtor's Emergency Motion Regarding Scope of Automatic Stay
and Holding that § 362(a) Stay Bars the Sale of Estate Property
Currently Scheduled for December 10, 2020

On December 9, 2020, the Court heard arguments on Debtor Rodney Bradshaw's Emergency Motion to Extend or Impose Automatic Stay, or in the Alternative Request for Temporary Restraining Order Against Creditor High Plains Farm Credit, FLCA, successor to Farm Credit of Ness City, FCLA [sic]

("Motion").[1] Debtor appeared in person and by Ryan A. Blay. High Plains Farm Credit ("High Plains") appeared by Martin Ufford. Bank of Hays appeared by Creath L. Pollak. Carl B Davis, the Chapter 12 Trustee, also appeared.

This Chapter 12 case was filed on November 20, 2020. Debtor's previous Chapter 12 case, Case no. 19-22179, filed pro se on October 11, 2019, was dismissed by order filed on May 27, 2020.[2] Prior to dismissal, the Court had granted a motion to modify the stay for cause under § 362(d)(1) filed by High Plains and under § 362(d)(1), or alternatively § 362(d)(2), filed by J&L Brown Family, LLC,[3] whereby the creditors were granted leave to pursue foreclosure of Debtor's obligations secured by real property mortgages. The order of dismissal includes the following: "It is further ordered that the stay relief orders filed in this case on behalf of High Plains Credit, FLCA and J&L

---

[1] Doc. 14. This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2018). A motion for determination if the automatic stay is in effect is a core proceeding which ths Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[2] Case no. 19-22179, Doc. 90.

[3] *Id.*, Docs. 83 and 84.

Brown Family, LLC will be effective in an [sic] future bankruptcy filings by the Debtor."[4]

Thereafter, High Plains filed a mortgage foreclosure case against Debtor in the District Court of Hodgeman County, Kansas, case no. 2020-CV000005. That case was removed to the United States District Court, case no. 2020-CV-01223-DDC-GEB, and an order of sale was entered on November 13, 2020. The sale is scheduled for December 10, 2020, at 10:00AM at the Hodgeman County Courthouse in Jetmore, Kansas.

In his Motion to this Court, Debtor seeks an order that the sale is barred by the automatic stay. Generally, upon the filing of a case under Chapter 12, a stay of all actions against the debtor and to recover property of the estate arises automatically under § 362(a).[5] Debtor's interest in the real property which is the subject to the sale order is estate property under § 541. Debtor seeks a ruling that neither the order of this Court when dismissing Debtor's prior Chapter 12 case, nor § 362(c)(3) limiting the scope of the stay in successive filing, are applicable and that the stay bars the pending sale.

---

[4] *Id.*, Doc. 90, 5.

[5] 11 U.S.C. § 362(a). Future references in the text to Title 11 shall be to the section only.

The Court finds that these limitations on the automatic stay are not applicable as a matter of law. Section 362(c)(3) provides that if a case concerning an individual debtor was pending within the preceding one year period but was dismissed, the stay with respect to actions taken with respect to property securing a debt terminates on the thirtieth day after the filing of the current petition by the individual debtor. But this section is applicable only in cases under Chapters 7, 11, and 13.  It does not apply in Chapter 12 cases. Debtor's prior case and the instant case are under Chapter 12.  Section 362(c)(3)'s shortening of the automatic stay is not applicable.

High Plains contends that the order in the prior case purportedly extending the effect of the prior orders for relief from stay to any subsequent case should have res judicata effect in this case. The Court disagrees. One of the elements of res judicata is that the ruling sought to be enforced was the result of a judgment on the merits.[6] In the prior suit, relief from stay under § 362(d)(1) was on the merits, but there was no adjudication about the effect of that order in subsequent cases. The order purportedly extending the effect of the stay was added to the order of dismissal at the request of High Plains counsel; there was no hearing on whether the request should be granted, including whether the Court had authority to enter such an order.

---

[6] *Plonter v. A.T. & T., Corp.*, 224 F.2d 1161, 1168 (10th Cir. 2000).

The Code reinforces this conclusion. Generally, an order for relief from stay entered in one case, applicable to property of the estate in that case, has no effect in a subsequent case, where there is a new estate.[7] Subsections 362(b)(20) and (21) address the narrow circumstances when an order modifying the stay entered in a prior case limit a stay in a new case. Neither apply here.

Subsection (b)(20) gives continuing effect to a stay relief order issued in a prior case under § 362(d)(4). Section 362(b)(20) provides that the filing of a petition does not operate as a stay under § 362(a), "of any act to enforce any lien or security interest in real property following the entry of an order under subsection (d)(4) as to such real property in any prior case . . . for a period of two years." Subsection (d)(4) provides:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) . . ., such as terminating . . .such stay -
> . . .
> (4) with respect to a stay of an act against real property . . ., by a creditor whose claim is secured by an interest in such property, if the court finds that the filing of the petition was the part of a scheme to delay, hinder, or defraud creditors that involved either -

---

[7] *In re Rambo*, 196 B.R. 181, 184 (Bankr. W.D. Okla. 1996).

5

Case 20-40948    Doc# 24    Filed 12/09/20    Page 5 of 8

> (A) transfer of a part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such property.

Although there may have been a factual basis for a modification of stay under § 362(d)(4) in the prior case, the stay relief orders in Debtor's prior case were issued under §§ 362(d)(1) or (d)(2), not (d)(4). Subsection 362(b)(20) therefore does not give effect to the prior orders for relief in this case.

Subsection (b)(21) provides that the filing of a petition does not operate as a stay under § 362(a) of any act to enforce a lien against or a security interest in real property if (1) the debtor is ineligible to file the current petition or (2) the current case was filed in violation of a bankruptcy court order is a prior case prohibiting the debtor from such filing. This subsection also does not apply here.

The Court acknowledges that there is at least one case, *In re Abul-Hasan*,[8] giving effect to an order in a prior case ruling that a debtor would be bound by an order of relief from stay in any subsequently filed bankruptcy case. It did so as a remedy for the adverse effect of serial filings. But *Abul-Hasan* was decided in 1989; Code subsections §§ 362(b)(20) and (b)(21) were enacted in 2005 as part of BAPCPA. This Court finds that these subsections

---

[8] 104 B.R. 263 (Bankr. C.D. Cal. 1989).

6

Case 20-40948    Doc# 24    Filed 12/09/20    Page 6 of 8

define when a prior order for relief from stay applies in a subsequent case, in a sense defining the scope of res judicata in this limited context.

Further, the Court declines to utilize its equitable powers under § 105 as a basis for the order under the circumstances of this case. High Plains' remedy is to obtain stay relief or a dismissal of the current case.

For the foregoing reasons, the Court finds that the automatic stay of § 362(a) is not limited to 30 days under § 362(c)(3). Further, enforcement of the order issued when dismissing Debtor's prior case (providing that stay relief granted in that case in favor of High Plain would apply in a subsequent case) is not entitled to res judicata effect in this case. The extension of the order is not authorized by §§ 362(b)(20) and (b)(21), the Code subsections addressing the effect of stay relief orders entered in prior cases.

The Court therefore grants Debtor's Motion and finds that the conduct of the auction of estate property currently scheduled for December 10, 2020, at 10:00AM at the Hodgeman County Courthouse in Jetmore, Kansas, would be in violation of the stay of § 362(a).

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

7

**Judgment**

Judgment is hereby entered concluding that the holding of the auction of estate property scheduled for December 10, 2020, at 10:00AM at the Hodgeman County Courthouse in Jetmore, Kansas would in violation of § 362(a). The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**It is so ordered.**

###