**SO ORDERED.**

**SIGNED this 19th day of May, 2022.**



Dale L. Somers
United States Chief Bankruptcy Judge

_____

Designated for online use only
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

In re:

Rodney Ray Bradshaw,

Debtor.

Case No. 20-40948-12

**Memorandum Opinion and Order
Granting Chapter 12 Trustee's Motion to Dismiss**

Debtor Rodney Ray Bradshaw filed a Chapter 12 bankruptcy petition and has enjoyed the protection of the Bankruptcy Code for the last eighteen months, but he has failed to file a confirmable plan in that time. With no reasonable prospects for rehabilitation in sight, the Court grants the motion

to dismiss filed by the Chapter 12 Trustee.[1] The Court easily finds unreasonable delay prejudicial to creditors, failure to timely file a confirmable plan, and diminution of the estate with no reasonable likelihood of rehabilitation, all justifying dismissal under 11 U.S.C. § 1208(c).[2]

## I. Findings of Fact

### A. *Debtor's Prior Pro Se Bankruptcy Case*

Debtor has one prior bankruptcy case, a Chapter 12 case filed by Debtor *pro se* on October 11, 2019.[3] A plan was never confirmed, and the case was dismissed May 27, 2020. In the Order dismissing the bankruptcy case,[4] the Court noted the following:

- Debtor failed to file required monthly operating reports.

- Debtor submitted operating reports and bank statements to the Chapter 12 Trustee showing withdrawals at a casino, and gambling during a pending bankruptcy represents gross mismanagement of a bankruptcy estate, loss and diminution of the estate, and a lack of good faith.

- Debtor failed to comply with required document requests from the Chapter 12 Trustee, including for tax returns, bank account information, insurance coverage information, among others.

- Debtor's *pro se* proposed plan lacked basic Code requirements and was

---

[1] The Chapter 12 Trustee Carl Davis appears personally. Debtor appears by Ryan A. Blay of WM Law.
[2] All future references to "Code," "Chapter," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.
[3] Case No. 19-22179.
[4] *Id.*, Doc. 90.

2

not feasible.

The Chapter 12 Trustee disbursed no funds during the nine-month pendency of Debtor's *pro se* case.[5]

### B. Debtor's Current Bankruptcy Case

About six months later, on November 20, 2020, Debtor filed his current Chapter 12 case, this time with bankruptcy counsel. Early in the case, several pieces of personal property were sold[6] and stay relief was granted to multiple creditors.[7]

After receiving an extension, Debtor file a Chapter 12 plan on April 1, 2021.[8] Multiple objections to confirmation of that plan were filed.[9] There were allegations of gambling that were denied,[10] and the Court never ruled on the issue. Regardless, no plan has ever been confirmed, and the Court orally denied confirmation of the proposed plan at hearing on February 8, 2022.[11]

---

[5] *Id.*, Doc. 92.
[6] Doc. 36; Doc. 40.
[7] Doc. 35; Doc. 97.
[8] Doc. 59.
[9] *See* Doc. 67 (Objection by Chapter 12 Trustee); Doc. 69 (Objection by High Plains Farm Credit FLCA); Doc. 71 (Objection by Farm Service Agency); Doc. 72 (Objection by Internal Revenue Service); Doc. 76 (amended Objection by Internal Revenue Service); Doc. 73 (Objection by Dealers Leasing, Inc.); Doc. 74 (Objection by Bank of Hays); and Doc. 75 (Objection by Arzella Bradshaw).
[10] *See* Doc. 82 (Subpoena issued to Kansas Star Casino); Doc. 83 (Subpoena issued to Boot Hill Casino and Resort).
[11] Doc. 59.

3

Debtor was given until April 5, 2022, to file an amended plan; no amended plan has been filed. Throughout, stay relief was granted to all secured creditors and to Debtor's ex-wife.[12]

Debtor does not dispute that he has long been delinquent on the filing of tax returns; returns are missing beginning with the 2016 tax year. In addition, most monthly operating reports required for Debtor's current Chapter 12 case are missing. Debtor filed a monthly operating report for January 2021, March 2021, and April 2021, but all other reports are missing.

C. *Chapter 12 Trustee's Motion to Dismiss*

The Chapter 12 Trustee has filed a motion to dismiss,[13] arguing the following grounds for dismissal:

- Debtor has filed no tax returns for tax years 2016, 2017, or 2018, and the 2019 and 2020 returns that were filed are believed to be incomplete. (The 2019 and 2020 returns that were filed were not provided to the Trustee.)

- Debtor is severely delinquent in filing monthly operating reports.

- Debtor gambled with estate property.

- Debtor failed to account for, liquidate, or preserve estate property. The only property that remains in Debtor's estate is exempt, but it is uninsured and apparently abandoned by Debtor.

- Debtor's proposed plan is unconfirmable and no amended plan was filed

---

[12] *See* Doc. 97 (Bank of Hays); Doc. 104 (High Plains Farm Credit); Doc. 112 (Farm Service Agency); and Doc. 127 (Arzella Bradshaw).
[13] Doc. 133.

4

to cure the defects.

- Unreasonable delay that is prejudicial to creditors.

- Continuing loss and diminution of the estate and rehabilitation is unlikely.

Notice of the Chapter 12 Trustee's motion to dismiss was provided to Debtor,[14] and Debtor and his counsel have participated in multiple hearings thereon.[15] Debtor's oral argument against dismissal is that he anticipates receiving federal assistance at some point in the near future that would enable him to exercise redemption rights in all the foreclosed real property and reestablish his farming operation.[16] No evidence of specifics concerning that hoped-for assistance has ever been provided. Debtor never filed a written objection to the motion to dismiss. At the last hearing on the motion to dismiss, the Court granted Debtor an additional seven days to file a response to the motion;[17] no response was filed. Debtor has not asked for an

---

[14] Doc. 133 p. 2 (motion to dismiss, certificate of service); Doc. 134 (notice of hearing on Chapter 12 Trustee's motion to dismiss).
[15] Doc. 135 (January 11, 2022 hearing); Doc. 136 (February 8, 2022 hearing); Doc. 138 (March 8, 2022 hearing); Doc. 142 (April 5, 2022 hearing); Doc. 143 (April 5, 2022 Courtroom Minute Sheet); Doc. 150 (April 27, 2022 Courtroom Minute Sheet).
[16] *See, e.g.*, Doc. 137 (correspondence to the Court regarding a proposed joint venture to aid people and communities of color for a Community Benefit Agreement funded by PNC Bank).
[17] Doc. 150 (granting Debtor seven days to "supplement" his objection to the Chapter 12 Trustee's motion to dismiss).

5

evidentiary hearing to present a defense to the motion to dismiss, although the Court made clear it would conduct an evidentiary hearing if one was requested.

## II. Conclusions of Law

Motions to dismiss are core proceedings concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(A) over which this Court may exercise subject matter jurisdiction.[18]

The Chapter 12 Trustee seeks to dismiss Debtor's case under 11 U.S.C. § 1208(c). As pertinent here, § 1208(c) states:

> (c) On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including—
>
> > (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;
> > . . .
> > (3) failure to file a plan timely under section 1221 of this title;
> > . . .
> > (5) denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan; [and]
> > . . .
> > (9) continuing loss to or diminution of the estate and absence

---

[18] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1 *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

6

of a reasonable likelihood of rehabilitation[.]

The Chapter 12 Trustee has the burden of proof to support his motion to dismiss.[19]

There are several bases for dismissing Debtor's current Chapter 12 case. First, and most significantly, dismissal is warranted under §§ 1208(c)(1), (c)(3), and (c)(5) based on Debtor's failure to timely file a confirmable plan. The Tenth Circuit has indicated this failure is sufficient cause to dismiss a Chapter 12 case.[20] Debtor's case has been pending since November 2020, over eighteen months ago. Under § 1221, a debtor must file a plan within ninety days of filing.[21] Debtor proposed one plan in April 2021, but that plan was not confirmable, and no amended plan has been filed despite the passage of a year since the original plan was filed. Progress has been made in the sense that multiple creditors have been granted stay relief to proceed against their collateral or claims in state court, but there is no foreseeable end to Debtor's Chapter 12 case in sight with no plan on the horizon. The Court gave Debtor extraordinary deference because of Debtor's

---

[19] *Stewart v. U.S. Trustee (In re Stewart)*, 175 F.3d 796, 805, 805 n.7 (10th Cir. 1999).

[20] *In re Ames*, 973 F.2d 849, 851 (10th Cir. 1992) ("dismissal of a Chapter 12 case is appropriate when debtors have failed to propose a confirmable plan").

[21] A court may extend this ninety-day period "if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1221.

7

insistence that federal money would be available to assist in his reorganization, and because capital gains obligations may further complicate Debtor's already significant tax problems. Nevertheless, Debtor's failure to file a confirmable plan is unreasonable delay, and although no creditor is pushing for dismissal and the Trustee introduced no evidence regarding prejudice to creditors, the Court finds delay prejudicial to creditors from this extensive delay.[22]

Second, dismissal is warranted under § 1208(c)(1) based on Debtor's failure to file monthly operating reports. Again, Debtor's case has been pending more than eighteen months. In that time, Debtor has filed three monthly operating reports, a staggering lack of disclosure. It is impossible for the Chapter 12 Trustee or any other creditors to monitor this case or the use of estate assets without access to basic details found in the monthly operating reports. There are burdens that come with the benefit of the protection of the Bankruptcy Code. Monthly operating reports are one of those necessities, and

---

[22] *E.g.*, *In re NRS Properties, LLC*, 634 B.R. 395, 425 (Bankr. D. Colo. 2021) ("With respect to Section 1208(c)(1) unreasonable delay can be found from a debtor's failure to confirm a Chapter 12 plan on a timely basis."); *In re Zerr*, 167 B.R. 953, 960 (Bankr. D. Kan. 1994) (citing *In re Ames* and granting dismissal for failure to file to file confirmable plan in Chapter 12 case pending eighteen months, stating, "A dismissal is warranted when the debtors have failed to propose a confirmable plan after some period of delay, particularly when the court has denied confirmation on the basis of lack of feasibility.").

Debtor should not be permitted to remain in this case without fulfilling this duty.[23]

Finally, dismissal is warranted under § 1208(c)(9) based on the inescapable conclusion there has been a diminution of the estate and there is no reasonable likelihood of rehabilitation in this case. The phrase "reasonable likelihood of rehabilitation" under § 1208(c)(9) "refers to the debtor's ability to restore the viability of its business."[24] Without the monthly operating reports, it is impossible to determine if there are estate assets sufficient to meet needs. Debtor has acknowledged in Court hearings that there is no income from farm operations. As noted above, many of the creditors in this case have already obtained stay relief to proceed on their collateral. But just because secured creditors have managed to proceed in state court does not mean creditors are not being harmed—unsecured creditors have received nothing, and federal and state taxes have not been paid or addressed.[25] Debtor has

---

[23] *E.g.*, *In re NRS Properties, LLC*, 634 B.R. at 426-27 (failure to file monthly operating reports is a factor to support a finding of gross mismanagement under § 1208(c)(1)).

[24] *Id.* at 428 (internal quotation omitted).

[25] *See In re Zerr*, 167 B.R. at 960 (finding prejudice to creditors where, in part, "unsecured and trade creditors have received nothing" and real estate taxes were not paid). Both the Kansas Department of Revenue (Proof of Claim No. 1) and the Internal Revenue Service (Proof of Claim No. 10) have filed claims in Debtor's case, and there are other unsecured claimants (Proof of Claim No. 3 and Proof of Claim No. 4).

9

proposed no concrete plan for how he will reorganize his affairs. Debtor has provided no monthly operating reports indicating any funds available to undertake that reorganization. There is simply no reasonable likelihood of rehabilitation in this case.[26]

The errors of Debtor's current case were foreshadowed in his prior case. Debtor has had ample opportunity to reorganize his affairs and has not done so. Debtor has not contested this motion to dismiss by filing a written response, despite ample opportunity to do so. Cause exists for dismissal for any of the independent bases noted above.

### III. Conclusion

The Chapter 12 Trustee's motion to dismiss is well-founded and is granted. Debtor's case is dismissed and shall be closed in due course.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to

---

[26] Additional bases for dismissal are put forth by the Chapter 12 Trustee, but they require factfinding which is unnecessary at this juncture. For example, if Debtor has been gambling with estate assets, that could provide an additional basis for dismissal. *See, e.g.*, *In re Robinson*, 628 B.R. 168 (Bankr. D. Kan. 2021) (discussing gambling as basis for dismissal of individual's Subchapter V Chapter 11 case). In addition, the status of Debtor's tax returns is unclear. But the Court need not hold an evidentiary hearing to determine those issues, because there are ample and sufficient other bases to dismiss Debtor's case.

this matter.

**Judgment**

Judgment is hereby entered granting the Chapter 12 Trustee's motion to dismiss pursuant to 11 U.S.C. § 1208(c). The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**It is so Ordered**.

# # #